KATHLEEN A. LEAVITT
CHAPTER 13 BANKRUPTCY TRUSTEE
711 S 4th Street, Suite 101
Las Vegas, NV 89101
kal13mail@las13.com
Tel: (702) 853-0700
Fax: (702) 853-0713

E-FILED

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

IN RE:
SONIA LOPEZ

               Debtor(s)

Case No:-21-12418-MKN

CHAPTER 13

Hearing Date:   January 27, 2022
Hearing Time:   1:30 pm

BALLSTAEDT LAW FIRM
Attorney for the Debtor

**TRUSTEE'S OPPOSITION TO CONFIRMATION OF PLAN**
**#2 COMBINED WITH TRUSTEE'S RECOMMENDATION FOR DISMISSAL**

Comes now KATHLEEN A. LEAVITT, Chapter 13 Bankruptcy Trustee, in the above captioned bankruptcy case and hereby alleges as follows:

**Statement of Facts**

The Debtor(s) filed for Chapter 13 relief on 05/10/2021. The Section 341(a) Meeting of Creditors held on October 26, 2021 at 10:00 am was concluded.

**Argument**

The Trustee objects to confirmation of the Chapter 13 Plan and recommends that this case be dismissed pursuant to 11 U.S.C. §1307(c) for one or more of the following reasons:

- Debtor(s) is/are delinquent in plan payments. 11 U.S.C. §1307(c)(1)
- The proposed Plan is not feasible as the Debtor(s) lacks sufficient regular income. 11 U.S.C. §109(e)
- Debtor(s) failed to comply with notice/re-notice requirements. Failed to file a Certificate of Service for Plan #2 and Notice of Hearing F.R.B.P. 2002(a) & (b) & 11 U.S.C. §1307(c)(1)

- The Plan fails to meet liquidation value [11 U.S.C. §1325(a)(4)] based on the following non-exempt property: $415,000: property in California
- Other: Trustee objects to the additional language in section 9.2 of the plan as prefers treatment some unsecured creditors over others. Preferred creditors are not specifically identified and it does not indicate if they will be getting payments while Debtor is in the bankruptcy or after the bankruptcy is over.

The Plan fails to provide for all of the Debtor(s)' disposable income pursuant to 11 U.S.C. §1325(a)(3) and (b) based on:

- Not all disposable income is being committed to the Chapter 13 Plan as Debtor(s) disposable income on Schedule J is higher than the proposed Chapter 13 Plan payment.
- The plan fails to provide for all of the Debtor(s)' disposable income as calculated on form B122C-2 Chapter 13 Calculation of Your Disposable Income, pursuant to 11 U.S.C. §1325(b).

Debtor(s) failed to cooperate with the Trustee as necessary to enable the Trustee to perform her duties pursuant to 11 U.S.C. §521(a)(3), §704 and/or §1302. This failure to cooperate has caused unreasonable delay that is prejudicial to creditors under 11 U.S.C. §1307(c)(1) as the Debtor(s) did not provide the following documents[1] and/or amendments:

- All tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition. Specifically: 2020
- Paystubs for the following period(s): 11/1/2020 - 4/30/2021. 11 U.S.C. §704(a)(4) and/or 11 U.S.C. §521(a)(1)(B)(iv).
- Profit & loss statement(s) for the following period(s): 11/1/2020 - 4/30/2021 for self employment as a Mental Health Therapist
- Verification of Medical and Dental $200, Health Insurance $300, Vehicle insurance and expense $400; rental agreements on CA property..
- Appraisal for property described as follows: or Comp on CA property.
- Amendment to Plan: section 4.1: indicate property is NOT Debtor's residence .
- Amendment to Schedule A/B Real and personal Property: list additional vehicles per testimony and list all bank accounts held by Debtor.
- Amendment to Schedule E/F. Creditors Holding Unsecured Claims: #4.30: need address for First Premier Bank account #1651 and notice per LR 1007 (b)(5)(B).

Finally, Trustee makes the following statements in an effort to maintain a clear record:

- Debtor should ensure that all creditors have been noticed pursuant to LR 1007(b)(5)(B).
- Compensation of Debtor(s)' attorney requires an independent review by the court. Trustee requests that Debtor(s)' attorney file an application for compensation pursuant to 11 U.S.C. §330.

**Conclusion**

WHEREFORE, for the foregoing reasons, the Trustee objects to confirmation and recommends that this case be dismissed pursuant to 11 U.S.C. §1307(c).

Dated:  1/4/22                                                          /s/ Kathleen A. Leavitt
                                                                                   Kathleen A. Leavitt
                                                                                   Chapter 13 Trustee

---

1 The Trustee requests that all documents be submitted in a redacted form. Please reference F.R.B.P. 9037 for guidance on the information that should be redacted.

KATHLEEN A. LEAVITT
CHAPTER 13 STANDING TRUSTEE
711 S 4Th Street
Suite 101
Las Vegas, NV  89101

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| IN RE: | CASE NO: BKS-21-12418-MKN |
|---|---|
| SONIA LOPEZ | Chapter 13 |
| **Debtor (s)** | |

**CERTIFICATE OF SERVICE**

1. On January 04, 2022, I served the following document(s):

**TRUSTEE'S OPPOSITION TO CONFIRMATION OF PLAN #2 COMBINED WITH TRUSTEE'S RECOMMENDATION FOR DISMISSAL**

2. I served the above-named documents(s) by the following means to the persons as listed below:

**United States mail, postage fully prepaid**

SONIA LOPEZ
4287 EL ANTONIO PL
LAS VEGAS, NV  89121

BALLSTAEDT LAW FIRM
8751 W CHARLESTON BLVD
SUITE 220
LAS VEGAS, NV  89117

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on: 1/4/22

/s/ Esther Carr
Employee of
Kathleen A. Leavitt
Chapter 13 Standing Trustee