**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **SONIA LOPEZ** |
| United States Bankruptcy Court for the: | DISTRICT OF NEVADA |
| Case number (if known) | **21-12418-MKN** |

☐ Check if this is an amended filing

Official Form 425B

**Disclosure Statement for Small Business Under Chapter 11**                12/17

**SONIA LOPEZ's Amended Disclosure Statement, Dated Feb 27, 2023**

**Table of Contents.** See instructions about how to modify the table of contents if you do not have all of the sections below.

I. Introduction .......................................................................................................... 3

    A. Purpose of This Document ................................................................... 3

    B. Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing ....................................... 3

    C. Disclaimer ......................................................................................... 3

II. Background ........................................................................................................ 4

    A. Description and History of the Debtor's Business ...................................... 4

    B. Insiders of the Debtor .......................................................................... 4

    C. Management of the Debtor During the Bankruptcy ..................................... 4

    D. Events Leading to Chapter 11 Filing ...................................................... 4

    E. Significant Events During the Bankruptcy Case ........................................ 5

    F. Projected Recovery of Avoidable Transfers ............................................. 5

    G. Claims Objections ............................................................................... 5

    H. Current and Historical Financial Conditions ............................................. 6

III. Summary of the Plan of Reorganization and Treatment of Claims and Equity Interests ................... 6

    A. What Is the Purpose of the Plan of Reorganization? ................................. 6

    B. Unclassified Claims ............................................................................ 6

Debtor Name  **SONIA LOPEZ**                                        Case number  **21-12418-MKN**

1. Administrative expenses, involuntary gap claims, and quarterly and Court fees .......................... 6
2. Priority tax claims ...... 7

C. Classes of Claims and Equity Interests ..... 7
   1. Classes of secured claims ..... 7
   2. Classes of priority unsecured claims ..... 8
   3. Classes of general unsecured claims ..... 9
   4. Classes of equity interest holders ..... 10

D. Means of Implementing the Plan ..... 10
   1. Source of payments ..... 10
   2. Post-confirmation Management ..... 10

E. Risk Factors ..... 10

F. Executory Contracts and Unexpired Leases ..... 11

G. Tax Consequences of Plan ..... 11

IV. Confirmation Requirements and Procedures ..... 12

  A. Who May Vote or Object ..... 12
   1. What is an allowed claim or an allowed equity interest? ..... 12
   2. What is an impaired claim or impaired equity interest? ..... 12
   3. Who is not entitled to vote ..... 13
   4. Who can vote in more than one class ..... 13

  B. Votes Necessary to Confirm the Plan ..... 13
   1. Votes necessary for a class to accept the plan ..... 13
   2. Treatment of non-accepting classes of secured claims, general unsecured  claims, and interests ..... 13

  C. Liquidation Analysis ..... 14

  D. Feasibility ..... 14
   1. Ability to initially fund plan ..... 14
   2. Ability to make future plan payments and operate without further reorganization ..... 14

V. Effect of Confirmation of Plan ..... 15

  A. Discharge of Debtor ..... 15

  B. Modification of Plan ..... 15

  C. Final Decree ..... 16

VI. Other Plan Provisions ..... 16

Exhibit A:  Copy of Proposed Plan of Reorganization ..... 17

Exhibit B: Identity and Value of Material Assets of Debtor ..... 18

Exhibit C: Prepetition Financial Statements ..... 19

Exhibit D: [Most Recently Filed Postpetition Operating Report] ..... 20

Exhibit E: Liquidation Analysis ..... 21

Debtor Name  **SONIA LOPEZ**                                        Case number  **21-12418-MKN**

Exhibit F: Cash on hand on the effective date of the Plan .................................................... 22

Exhibit G: Projections of Cash Flow for Post-Confirmation Period .................................................. 23

| Debtor Name | SONIA LOPEZ | Case number | 21-12418-MKN |
|---|---|---|---|

 **I. Introduction**

This is the disclosure statement (the Disclosure Statement) in the chapter 11 case of <u>Sonia Lopez</u> (the Debtor). This Disclosure Statement provides information about the Debtor and the Plan filed on January 11, 2023 (the Plan) to help you decide how to vote.

A copy of the Plan is attached as *Exhibit A*. **Your rights may be affected**. You should read the Plan and this Disclosure Statement carefully. You may wish to consult an attorney about your rights and your treatment under the Plan.

The proposed distributions under the Plan are discussed at pages  8 -11   of this Disclosure Statement.  General unsecured creditors are classified in Class 3 and 4.  Class 3 is made up of Student Loan claims which shall remain unimpaired.  Class 4 includes all other non-priority general unsecured claims.  Class 4 creditors will receive a distribution of 100% of their allowed claims, to be distributed by debtor on a pro-rata basis over 5 years.

**A.      Purpose of This Document**

This Disclosure Statement describes:

> The Debtor and significant events during the bankruptcy case,

> How the Plan proposes to treat claims or equity interests of the type you hold (i.e., what you will receive on your claim or equity interest if the plan is confirmed),

> Who can vote on or object to the Plan,

> What factors the Bankruptcy Court (the "Court") will consider when deciding whether to confirm the Plan,

> Why [the Proponent] believes the  Plan is feasible, and how the treatment of your claim or equity interest under the Plan compares to what you would receive on your claim or equity interest in liquidation, and

> The effect of confirmation of the Plan.

Be sure to read the Plan as well as the Disclosure Statement.  This Disclosure Statement describes the Plan, but it is the Plan itself that will, if confirmed, establish your rights.

**B.      Deadlines for Voting and Objecting; Date of Plan Confirmation Hearing**

The Court has not yet confirmed the Plan described in this Disclosure Statement.  A separate order has been entered setting the following information:

> Time and place of the hearing to finally approve this disclosure statement and confirm the plan,

> Deadline for voting to accept or reject the plan, and

> Deadline for objecting to the **adequacy of disclosure and** confirmation of the plan.

If you want additional information about the Plan or the voting procedure, you should contact Brooke Gatten, Paralegal, Fair Fee Legal Service, 8751 W. Charleston Blvd #230, Las Vegas, NV 89117, 702-715-0000, help@bkvegas.com.

**C.      Disclaimer**

**The Court has** conditionally **approved this Disclosure Statement as containing adequate information to enable parties affected by the Plan to make an informed judgment about its terms. The Court has not yet determined whether the Plan meets the legal requirements for confirmation, and the fact that the Court has approved this Disclosure Statement does not constitute an**

Debtor Name   **SONIA LOPEZ**                                    Case number   **21-12418-MKN**

endorsement of the Plan by the Court, or a recommendation that it be accepted.

 **II. Background**

### A. Description and History of the Debtor's Business

The Debtor is a **Individual**.   The Debtor owns one investment property located at 819 N Divisadero St, Visalia, CA 93291.  Debtor has become delinquent in the mortgage payments and seeks to re-amortize the loan of the property through this plan.  Debtor receives $1,980 per month for rental income for the property.

Debtor is self-employed as a Mental Health Therapist and lives in NV and earns abour $6,146 per month Gross income.  Debtor struggled financially during Covid-19 both with her ability to physically reach her patients to provide her service, and due to her health during the first several months of 2021 which caused her to struggle financially and file this instant bankruptcy case.

### B. Insiders of the Debtor

Debtor has not paid any money or transferred any property to any person or entity considered an insider pursuant to the definition contained in §101(31) during the two-year period prior to the filing of the bankruptcy petition, or during the pendency of the case.

### C. Management of the Debtor Before and During the Bankruptcy

List the name and position of all current officers, directors, managing members, or other persons in control (collectively the *Management*) who will not have a position post-confirmation that you list in III D 2.

| Name | Position |
| --- | --- |
| None, as debtor is an individual | |
| | |
| | |
| | |
| | |

### D. Events Leading to Chapter 11 Filing

Debtor's inability to keep up on the mortgage payments for the investment property during the time of COVID, and when she suffered from COVID-19 and was unable to work for several months.  Debtor now seeks to reamortize the mortgage loan on the investment property to make it more manageable and adequately protect the creditor.  Debtor had a prior chapter 13 bankruptcy case (Case No. 15-14086) filed on 7/16/2015 and was successfully discharged.  Upon  discharge, Debtor was not able to continue making the mortgage payments on the investment property as mentioned above, and so she filed Chapter 13 bankruptcy case (Case No. 21-11266) on 3/16/2021. At this time, debtor continued to struggle with COVID related employment problems and health issues, and was not able to make the payments and the case was dismissed.  Debtor filed the current case (Case No. 21-12418 on 5/10/2021 under chapter 13, and the case was successfully converted to chapter 11 on 07/18/2022.

### E. Significant Events During the Bankruptcy Case

This current case was converted from a case under Chapter 13 to a case under Chapter 11 on July 18, 2022 (Dkt #77).

Debtor Name    **SONIA LOPEZ**                                    Case number    **21-12418-MKN**

On 8/25/2022 Debtor's 341 Meeting of Creditors was conducted and concluded on the same date.

On 10/24/2022 an order was entered into the court docket granting employment of attorney Seth Ballstaedt of Fair Fee Legal Services as legal counsel of Debtor (Dkt #94 ).

On 12/21/2022 a Motion to Dismiss was filed by the United States Trustee (Dkt #96), and such motion is still pending.

### F. Projected Recovery of Avoidable Transfers

Check one box.

☑ The Debtor does not intend to pursue preference, fraudulent conveyance, or other avoidance actions.

☐ The Debtor estimates that up to $____ may be realized from the recovery of fraudulent, preferential or other avoidable transfers.  While the results of litigation cannot be predicted with certainty and it is possible that other causes of action may be identified, the following is a summary of the preference, fraudulent conveyance and other avoidance actions filed or expected to be filed in this case:

| Transaction | Defendant | Amount Claimed |
| --- | --- | --- |
|  |  |  |
|  |  |  |

☐ The Debtor has not yet completed its investigation with regard to prepetition transactions.  If you received a payment or other transfer within 90 days of the bankruptcy, or other transfer avoidable under the Code, the Debtor may seek to avoid such transfer.

### G. Claims Objections

Except to the extent that a claim is already allowed pursuant to a final non-appealable order, the Debtor reserves the right to object to claims. Therefore, even if your claim is allowed for voting purposes, you may not be entitled to a distribution if an objection to your claim is later upheld. Disputed claims are treated in Article 5 of the Plan.

### H. Current and Historical Financial Conditions

The identity and fair market value of the estate's assets are listed in *Exhibit B*.  Such assets include the rental property located at 819 N Divisadero St Visalia, CA 93291 and valued at $500,000, Debtor's Vehicle 2005 Mercedes Benz E and valued at $1621, Household goods, electronics and clothing valued at $12,000, and funds in bank accounts valued at $200.

| Debtor Name | **SONIA LOPEZ** | Case number | **21-12418-MKN** |

The Debtor's most recent financial statements are set forth in *Exhibit C*.

The most recent post-petition operating report filed since the commencement of the Debtor's bankruptcy case is set forth in *Exhibit D*.

## III. Summary of the Plan of Reorganization and Treatment of Claims and Equity Interests

### A. What is the Purpose of the Plan of Reorganization?

As required by the Code, the Plan places claims and equity interests in various classes and describes the treatment each class will receive. The Plan also states whether each class of claims or equity interests is impaired or unimpaired. If the Plan is confirmed, your recovery will be limited to the amount provided by the Plan.

B. Unclassified Claims

Certain types of claims are automatically entitled to specific treatment under the Code. They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. Therefore, the Plan Proponent has *not* placed the following claims in any class:

### 1. Administrative expenses, involuntary gap claims, and quarterly and Court fees

Administrative expenses are costs or expenses of administering the Debtor's chapter 11 case which are allowed under § 503(b) of the Code. Administrative expenses include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the date of the bankruptcy petition, and compensation for services and reimbursement of expenses awarded by the court under §330(a) of the Code. The Code requires that all administrative expenses be paid on the effective date of the Plan, unless a particular claimant agrees to a different treatment. Involuntary gap claims allowed under § 502(f) of the Code are entitled to the same treatment as administrative expense claims. The Code also requires that fees owed under section 1930 of title 28, including quarterly and court fees, have been paid or will be paid on the effective date of the Plan.

The following chart lists the Debtor's estimated administrative expenses, and quarterly and court fees, and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Administrative expenses | **$15,000 (estimated)** | Debtor shall tender payments of $150/month for any unpaid portion of administrative expenses until paid in full, only after court approval pursuant to § 327 and § 330 or according to court order if such fees have not been approved by the Court on the effective date of the Plan. |
| Involuntary gap claims | | Paid in full on the effective date of the Plan, unless the holder of a particular claim has agreed to different treatment |
| Statutory Court fees | | Paid in full on the effective date of the Plan |
| Statutory quarterly fees | | Paid in full on the effective date of the Plan |

| Debtor Name | **SONIA LOPEZ** | Case number | **21-12418-MKN** |

| **Total** | |

## 2. Priority tax claims

Priority tax claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) priority tax claim agrees otherwise, it must receive the present value of such claim pursuant to 11 U.S.C. §511, in regular installments paid over a period not exceeding 5 years from the order of relief. The following chart lists the Debtor's estimated § 507(a)(8) priority tax claims and their proposed treatment under the Plan:

| Description (name and type of tax) | Estimated Amount Owed | Date of Assessment | Treatment | |
|---|---|---|---|---|
| **The Priority Claim of the Internal Revenue Service for income taxes for 2017, 2018, 2019, 2020 and 2021** | $  35,471.70 | 7/21/2022 | Payment interval | **Monthly** |
| | | | [Monthly] payment | $  775.00 |
| | | | Begin date | **Effective date of plan** |
| | | | End date | **July 18, 2027** |
| | | | Interest rate | %0 |
| | | | Total payout amount | $  35,471.70 |

## C. Classes of Claims and Equity Interests

The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

### 1. Classes of secured claims

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will [be classified as a general unsecured claim].

The following chart lists all classes containing Debtor's secured prepetition claims and their proposed treatment under the Plan:

| Class # | Description | Impairment? | Treatment |
|---|---|---|---|

Debtor Name  **SONIA LOPEZ**

Case number  **21-12418-MKN**

| Class # | Description | Impairment? | Treatment |
|---|---|---|---|
| 1 | *Secured claim of:* <br><br> **Unified Mortgage Services, Inc** <br> Collateral description *:* <br> *819 N Divisadero St Visalia, CA 93291* | ☑ Impaired <br><br> ☐ Unimpaired | Monthly payment  $  **746.46** |

**Class 1 details:**

- Allowed secured amount: $ **118,098.20**
- Priority of lien *: Secured*
- Principal owed *: $118,098.20*
- Pre-pet. arrearage *:* *(included in total above)*
- Payments Begin *:* **Effective date of plan or as otherwise ordered by the court**
- Payments End : **Term of 30 years (360 months)**
- [Balloon payment] *:* **N/A**
- Interest rate **6.50** % fixed
- Treatment of Lien *:* **Payments shall be disbursed by Debtor directly to the creditor until paid in full. The amount due will not begin to accrue interest until the effective date of the plan. All other terms and conditions of the note remain in full force and effect.**
- Total claim  $  **118,098.20**

| Class # | Description | Impairment? | Treatment |
|---|---|---|---|
| 2 | *Secured claim of:* <br><br> **Tulare County California** <br> Collateral description *:* <br> *819 N Divisadero St Visalia, CA 93291* | ☑ Impaired <br><br> ☐ Unimpaired | Monthly payment  $  **555.55** |

**Class 2 details:**

- Allowed secured amount: $ **29,084.54**
- Priority of lien  *:*  **Secured**
- Principal owed  *:*  **29,084.54**
- Pre-pet. arrearage *:* *(Included in total)*
- Payments Begin *:* **Effective date of Plan**
- Payments End: Term of 5 years (60 months)
- [Balloon payment]  *: N/A*
- Interest rate **5.5** % fixed
- Treatment of Lien  *:* **Payments shall be disbursed by Debtor directly to the creditor until paid in full. The amount due will not begin to accrue interest until the effective date of the plan. All other terms and conditions of the note remain in full force and effect.**
- Total claim  $  **29,084.54**

## 2. Classes of priority unsecured claims

The Code requires that, with respect to a class of claims of a kind referred to in §§ 507(a)(1), (4), (5), (6), and (7), each holder of such a claim receive cash on the effective date of the Plan equal to the allowed amount of such claim, unless a particular claimant agrees to a different treatment or the class agrees to deferred cash payments.

The following chart lists all classes containing claims under §§ 507(a)(1), (4), (5), (6), and (a)(7) of the Code and their proposed treatment under the Plan: **NONE**

Debtor Name   **SONIA LOPEZ**                                    Case number   **21-12418-MKN**

### 3. Classes of general unsecured claims

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code. [Insert description of § 1122(b) convenience class if applicable.]

The following chart identifies the Plan's proposed treatment of Class[es] __ through __, which contain general unsecured claims against the Debtor:

| Class # | Description | Impairment? | Treatment |
|---|---|---|---|
| 3 | General Unsecured Class - **STUDENT LOANS** <br><br> ***This class is made up of the two student loan creditors, US Department of Education C/O Nelnet (Proof of Claim #1) in the amount of $72,925.57, and ECMC (Proof of claim #6) in the amount of $171,575.51 for a combined total of $244,501.08. (Proof of claim #7 is a duplicate claim and is hereby stricken and is not addressed in this plan).*** | ☐ Impaired <br><br> ☑ Unimpaired | The student loan claims of US Department of Education C/O Nelnet and ECMC shall be paid outside the plan, according to the terms of the individual payment agreements, and only when payments are not in forbearance or on hold to determine eligibility of forgiveness. Payments shall be paid directly by debtor to each unsecured creditor in this class. It is anticipated that payments to the class 3 student loan creditors will begin upon closing of this instant case, or, at the end of the forbearance period due to the bankruptcy. |
| 4 | General Unsecured Class - <br><br> ***All non-Priority General Unsecured creditors*** *(excluding the student loans which are classified in class #3)* | ☑ Impaired <br><br> ☐ Unimpaired | The Class 4 non-priority General Unsecured creditors shall be paid 100% at zero percent interest. <br><br> A total of $15,975.12 shall be paid to the General Unsecured class, which is payment in full of all Class 4 General Unsecured claims. Payments shall be disbursed directly by debtor to each unsecured creditor in this class over the life of the plan, with payments beginning on the effective date of the plan. For a list of members of this class, see list below. |

### CLASS 4 -*All non-Priority General Unsecured Creditor Disbursements (subject to change)*

| Class # | Creditor Name | Total Claim Amount | Total Disbursement Amount |
|---|---|---|---|
| 4 | Capio Partners, LLC | $1,888.00 | $1,888.00 |
| 4 | Capio Partners, LLC | $114.00 | $114.00 |
| 4 | Internal Revenue Service | $6,473.12 | $6,473.12 |
| 4 | Sunrise Hospital | $7,500.00 | $7,500.00 |
| | | **TOTAL** | **$15,975.12** |

| Debtor Name | **SONIA LOPEZ** | Case number | **21-12418-MKN** |

### 4. Classes of equity interest holders

Equity interest holders are parties who hold an ownership interest (i.e., equity interest) in the Debtor. In a corporation, entities holding preferred or common stock are equity interest holders. In a partnership, equity interest holders include both general and limited partners. In a limited liability company (LLC), the equity interest holders are the members. Finally, with respect to an individual who is a debtor, the Debtor is the equity interest holder.

The following chart sets forth the Plan's proposed treatment of the class[es] of equity interest holders:
[There may be more than one class of equity interests in, for example, a partnership case, or a case where the prepetition debtor had issued multiple classes of stock.]

| Class # | Description | Impairment? | Treatment |
|---------|-------------|-------------|-----------|
| **5**<br>**The interests of the individual Debtor in property of the estate** | Equity interest holders | ☐ Impaired<br><br>☑ Unimpaired | **Sonia Lopez is the individual Debtor in this instant case and shall retain her interest in her property.** |

## D. Means of Implementing the Plan

### 1. Source of payments

Payments and distributions under the Plan will be funded by the Debtor from her self-employment income and property rental income.

### 2. Post-confirmation Management

The Post-Confirmation Management of the Debtor (including officers, directors, managing members, and other persons in control), and their compensation, shall be as follows:

| Name | Position | Compensation |
|------|----------|--------------|
| **N/A as debtor is an individual** | | |

## E. Risk Factors

The proposed Plan has the following risks:

None Forseen

## F. Executory Contracts and Unexpired Leases

The Plan in Article 6 lists all executory contracts and unexpired leases that the Debtor will assume, and if applicable assign, under the Plan. *Assumption* means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Code, if any. Article 6 also lists how the Debtor will cure and compensate the other party to such contract or lease for any such defaults.

 - The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date:

Debtor Name  **SONIA LOPEZ**                                Case number  **21-12418-MKN**

-Lease agreement for residence at 4287 El Antonio Place, Las Vegas, NV 89121

If you object to the assumption, and if applicable the assignment, of your unexpired lease or executory contract under the Plan, the proposed cure of any defaults, the adequacy of assurance of performance, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan, unless the Court has set an earlier time.

All executory contracts and unexpired leases that are not listed in Article 6 or have not previously been assumed, and if applicable assigned, or are not the subject of a pending motion to assume, and if applicable assign, will be rejected under the Plan. Consult your adviser or attorney for more specific information about particular contracts or leases.

If you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan.

**The deadline for filing a Proof of Claim based on a claim arising from the rejection of a lease or contract is** November 23, 2022.

Any claim based on the rejection of a contract or lease will be barred if the proof of claim is not timely filed, unless the Court orders otherwise.

### G. Tax Consequences of Plan

**Creditors and equity interest holders concerned with how the plan may affect their tax liability should consult with their own accountants, attorneys, and/or advisors.**

The following are the anticipated tax consequences of the Plan:

(1) Tax consequences to the Debtor of the Plan - Debtor shall become current with all pre-petition tax liabilities through the plan, and shall remain current on post-petition tax filings.

## IV. Confirmation Requirements and Procedures

To be confirmable, the Plan must meet the requirements listed in §1129 of the Code. These include the requirements that:

- the Plan must be proposed in good faith;

- if a class of claims is impaired under the Plan, at least one impaired class of claims must accept the Plan, without counting votes of insiders;

- the Plan must distribute to each creditor and equity interest holder at least as much as the creditor or equity interest holder would receive in a chapter 7 liquidation case, unless the creditor or equity interest holder votes to accept the Plan; and

- the Plan must be feasible.

These requirements are not the only requirements listed in § 1129, and they are not the only requirements for confirmation.

### A. Who May Vote or Object

Any party in interest may object to the confirmation of the Plan if the party believes that the requirements for confirmation are not met.

Debtor Name  **SONIA LOPEZ**

Case number   **21-12418-MKN**

Many parties in interest, however, are not entitled to vote to accept or reject the Plan. Except as stated in Part IV.A.3 below, a creditor or equity interest holder has a right to vote for or against the Plan only if that creditor or equity interest holder has a claim or equity interest that is both

(1) allowed or allowed for voting purposes and

(2) impaired.

In this case, the Plan Proponent believes that classes **1, 2, and 4** are impaired and that holders of claims in each of these classes are therefore entitled to vote to accept or reject the Plan. The Plan Proponent believes that classes **3 and 5** are unimpaired and that holders of claims in each of these classes, therefore, do not have the right to vote to accept or reject the Plan.

**1. What is an allowed claim or an allowed equity interest?**

Only a creditor or equity interest holder with an allowed claim or an allowed equity interest has the right to vote on the Plan. Generally, a claim or equity interest is allowed if either

(1) the Debtor has scheduled the claim on the Debtor's schedules, unless the claim has been scheduled as disputed, contingent, or unliquidated, or

(2) the creditor has filed a proof of claim or equity interest, unless an objection has been filed to such proof of claim or equity interest.

When a claim or equity interest is not allowed, the creditor or equity interest holder holding the claim or equity interest cannot vote unless the Court, after notice and hearing, either overrules the objection or allows the claim or equity interest for voting purposes pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure.

**The deadline for filing a proof of claim in this case was <u>Nov. 23, 2022</u>.**

**The deadline for filing objections to claims is <u>30 days after the conclusion of the meeting of creditors.</u>**

**2. What is an impaired claim or impaired equity interest?**

As noted above, the holder of an allowed claim or equity interest has the right to vote only if it is in a class that is *impaired* under the Plan.  As provided in § 1124 of the Code, a class is considered *impaired* if the Plan alters the legal, equitable, or contractual rights of the members of that class.

**3. Who is not entitled to vote**

The holders of the following five types of claims and equity interests are *not* entitled to vote:

holders of claims and equity interests that have been disallowed by an order of the Court;

holders of other claims or equity interests that are not "allowed claims" or "allowed equity interests" (as discussed above), unless they have been "allowed" for voting purposes.

holders of claims or equity interests in unimpaired classes;

holders of claims entitled to priority pursuant to §§ 507(a)(2), (a)(3), and (a)(8) of the Code;

holders of claims or equity interests in classes that do not receive or retain any value under the Plan; and

administrative expenses.

Debtor Name  **SONIA LOPEZ**                                    Case number   **21-12418-MKN**

**Even if you are not entitled to vote on the plan, you have a right to object to the confirmation of the Plan [and to the adequacy of the Disclosure Statement].**

**4. Who can vote in more than one class**

A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim, or who otherwise hold claims in multiple classes, is entitled to accept or reject a Plan in each capacity, and should cast one ballot for each claim.

## B. Votes Necessary to Confirm the Plan

If impaired classes exist, the Court cannot confirm the Plan unless**:**

(1) all impaired classes have voted to accept the Plan; or

(2) at least one impaired class of creditors has accepted the Plan without counting the votes of any insiders within that class, and the Plan is eligible to be confirmed by "cram down" of the non-accepting classes, as discussed later in Section B.2.

**1. Votes necessary for a class to accept the plan**

A class of claims accepts the Plan if both of the following occur:

(1) the holders of more than 1/2 of the allowed claims in the class, who vote, cast their votes to accept the Plan, and

(2) the holders of at least 2/3 in dollar amount of the allowed claims in the class, who vote, cast their votes to accept the Plan.

A class of equity interests accepts the Plan if the holders of at least 2/3 in amount of the allowed equity interests in the class, who vote, cast their votes to accept the Plan.

**2. Treatment of non-accepting classes of secured claims, general unsecured  claims, and interests**

Even if one or more impaired classes reject the Plan, the Court may nonetheless confirm the Plan upon the request of the Plan proponent if the non-accepting classes are treated in the manner prescribed by § 1129(b) of the Code. A plan that binds non-accepting classes is commonly referred to as a *cram down* plan. The Code allows the Plan to bind non-accepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of § 1129(a)(8) of the Code, does not *discriminate unfairly*, and is *fair and equitable* toward each impaired class that has not voted to accept the Plan.

**You should consult your own attorney if a *cram down* confirmation will affect your claim or equity  interest, as the variations on this general rule are numerous and complex.**

## C. Liquidation Analysis

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to this Disclosure Statement as *Exhibit E*.

## D. Feasibility

The Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan.

Debtor Name    **SONIA LOPEZ**                                    Case number    **21-12418-MKN**

**1. Ability to initially fund plan**

The Plan Proponent believes that the Debtor will have enough cash on hand on the effective date of the Plan to pay all the claims and expenses that are entitled to be paid on that date. Tables showing the amount of cash on hand on the effective date of the Plan, and the sources of that cash are attached to this disclosure statement as *Exhibit F*.

**2. Ability to make future plan payments and operate without further reorganization**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.
The Plan Proponent has provided projected financial information. Those projections are listed in *Exhibit G*.
The Plan Proponent's financial projections show that the Debtor will have an aggregate annual average cash flow, after paying operating expenses and post-confirmation taxes, to make monthly payments as outlined in the plan in the amount of $2993.27 per month for the 60 months of the plan. The final Plan payment is expected to be paid on **April 2028** (or 5 years from the effective date of the plan).
**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

## V. Effect of Confirmation of Plan

**A.    Discharge of Debtor**

Check one box.

☑    **Discharge if the Debtor is an individual and 11 U.S.C. § 1141(d)(3) is not applicable.** Confirmation of the Plan does not discharge any debt provided for in the Plan until the court grants a discharge on completion of all payments under the Plan, or as otherwise provided in § 1141(d)(5)of the Code. Debtor will not be discharged from any debt excepted from discharge under §523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

☐    **Discharge if the Debtor is a partnership and § 1141(d)(3) of the Code is not applicable.** On the effective date of the Plan, the Debtor shall be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code. However, the Debtor shall not be discharged from any debt imposed by the Plan. After the effective date of the Plan your claims against the Debtor will be limited to the debts imposed by the Plan.

☐    **Discharge if the Debtor is a corporation and § 1141(d)(3) is not applicable.** On the effective date of the Plan, the Debtor shall be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor shall not be discharged of any debt:

(i)    imposed by the Plan, or

(ii)    to the extent provided in U.S.C. § 1141(d)(6).

☐    **No Discharge if § 1141(d)(3) is applicable.** In accordance with § 1141(d)(3) of

the Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

### B. Modification of Plan

The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new disclosure statement and/or re-voting on the Plan.

Upon request of the Debtor, the United States trustee, or the holder of an allowed unsecured claim, the Plan may be modified at any time after confirmation of the Plan but before the completion of payments under the Plan, to

(1) increase or reduce the amount of payments under the Plan on claims of a particular class,

(2) extend or reduce the time period for such payments, or

(3) alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take account of any payment of the claim made other than under the Plan.

### C. Final Decree

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.  Alternatively, the Court may enter such a final decree on its own motion.

### VI. Other Plan Provisions

**/s/ SONIA LOPEZ**
[Signature of the Plan Proponent]

**SONIA LOPEZ**
[Printed Name]

**/s/ Seth D Ballstaedt, Esq.**
[Signature of the Attorney for the Plan Proponent]

**Seth D Ballstaedt, Esq.**
[Printed Name]

Debtor Name  **SONIA LOPEZ**                                    Case number    **21-12418-MKN**

**Exhibits**

      **Exhibit A: Copy of Proposed Plan of Reorganization**

Debtor Name   **SONIA LOPEZ**                                    Case number   **21-12418-MKN**

**Exhibit B: Identity and Value of Material Assets of Debtor**

Debtor Name  **SONIA LOPEZ**

Case number  **21-12418-MKN**

**Exhibit C: Prepetition Financial Statements**
(to be taken from those filed with the court)

Debtor Name  **SONIA LOPEZ**                                    Case number    **21-12418-MKN**

**Exhibit D: [Most Recently Filed Postpetition Operating Report]**
**[Summary of Postpetition Operating Reports]**

Debtor Name  **SONIA LOPEZ**                                    Case number  **21-12418-MKN**

**Exhibit E: Liquidation Analysis**

**Plan Proponent's Estimated Liquidation Value of Assets**

| **Assets** | |
|---|---|
| a. | Cash on hand | $ |
| b. | Accounts receivable | $ |
| c. | Inventory | $ |
| d. | Office furniture and equipment | $ |
| e. | Machinery and equipment | $ |
| f. | Automobiles | $ |
| g. | Building and land | $ |
| h. | Customer list | $ |
| i. | Investment property (such as stocks, bonds or other financial assets) | $ |
| j. | Lawsuits or other claims against third-parties | $ |
| K | Other intangibles (such as avoiding powers actions) | $ |
| | | $ |
| **Total Assets at Liquidation Value** | | |
| Less: | Secured creditors' recoveries | - | $ |
| Less: | Chapter 7 trustee fees and expenses | - | $ |
| Less: | Chapter 11 administrative expenses | - | $ |
| Less: | Priority claims, excluding administrative expense claims | - | $ |
| Less: | Debtor's claimed exemptions] | - | $ |

(1)  Balance for unsecured claims                                         $

(2)  Total dollar amount of unsecured claims                              $

**Percentage of claims which unsecured creditors would receive or retain in a chapter 7 liquidation:**                      %

**Percentage of claims which unsecured creditors will receive or retain under the Plan:**                      %   [Divide (1) by (2)]

Debtor Name   **SONIA LOPEZ**                                   Case number   **21-12418-MKN**

### Exhibit F: Cash on hand on the effective date of the Plan

| | $ |
|---|---|
| **Cash on hand on effective date of plan** | |

| | | | |
|---|---|---|---|
| Less: | Amount of administrative expenses payable on effective date of the Plan | - | $ |
| Less: | Amount of statutory costs and charges | - | $ |
| Less: | Amount of cure payments for executory contracts | - | $ |
| Less: | Other Plan payments due on effective date of the Plan | - | $ |

| | |
|---|---|
| **Balance after paying these amounts** | $ |

| | |
|---|---|
| The sources of the cash Debtor will have on hand by the effective date of the Plan are estimated as follows: | |
| Cash in Debtor's bank account now | $ |
| Net earnings between now and effective date of the Plan [State the basis for such projections] | $ |
| Borrowing [Separately state terms of repayment] | $ |
| Capital contributions | $ |
| Other | $ |
| **Total** (This number should match "cash on hand" figure noted above) | $ |

Debtor Name  **SONIA LOPEZ**                                    Case number    **21-12418-MKN**

**Exhibit G: Projections of Cash Flow for Post-Confirmation Period**