Ballstaedt Law Firm, LLC dba Ball Bankruptcy
Seth D. Ballstaedt, Esq. Bar # 11516
8751 W Charleston Blvd #220
Las Vegas, NV 89117
(702) 715-0000
help@bkvegas.com

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. 21-12418-MKN |
| SONIA LOPEZ | Chapter: 11 |
| Debtor(s) | Hearing Date: |
| | Hearing Time: |

**Plan of Reorganization Under Chapter 11**

SONIA LOPEZ''s Plan of Reorganization, Dated January 11, 2023

Background

    **A.**    **A Brief history of the Debtor**

The Debtor is an individual who owns one rental property, 819 N Divisadero St Visalia, CA 93291, and one vehicle.   The purpose of this case is to reamortize the loan on the rental property to make the payments more affordable for the debtor, as well as paying tax debts.

    **B.**    **Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit **A** . The student loan creditors are separately classified in class 3 as a separate Student loan, non-priority unsecured class.  The remainder of the non-priority unsecured creditors are included in class 4, and the class 4  non-priority general unsecured creditors will be paid in full with zero interest.  Such analysis shows that the class 4 non-priority general unsecured creditors in this case will receive as much, or more than they would in a chapter 7 liquidation.

    **C.**    **Ability to make future plan payments and operate without further reorganization**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the

required Plan payments.

The Plan Proponent has provided projected financial information as Exhibit **B**.

The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $ **266.25** per month to pay towards the class 4 non-priority unsecured creditors, (this is in addition to the regular monthly payments for the class 3 Student Loan claims.).

The final Plan payment is expected to be paid 60 months after the effective date of the plan.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections**

I. Article 1: Summary

    A. This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of (the *Debtor*) from future income.

    This Plan provides for:

      0   classes of priority claims;

      2   classes of secured claims;

      2   classes of non-priority unsecured claims; and

      1   classes of the interest of the individual Debtor in property of the estate.

    Student loan creditors are classified in Class 3, and the remaining non-priority unsecured creditors are classified in class 4. The class 4 Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately **100 cents** on the dollar, or 100%. This Plan also provides for the payment of administrative and priority claims.

    All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

    **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.** (If you do not have an attorney, you may wish to consult one.)

II. Article 2: Classification of Claims and Interests

    A. Class 1 - The claim of **Unified Mortgage Services, Inc**, to the extent allowed as a secured claim under § 506 of the Code.

    B. Class 2 - The claim of **Tulare County California**, to the extent allowed as a secured claim under § 506 of the Code.

    C. Class 3 - All non-priority unsecured **student/education loan** claims allowed under § 502 of the Code.

2

    D. Class 4 - All non-priority unsecured claims allowed under § 502 of the Code (not including student loans claims which are included in Class 3)

    E. Class 5 - The interests of the individual Debtor in property of the estate - The debtor shall retain her interest in the estate and her property.

III. **Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fee**

    A. Unclassified Claims - Under section § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes.

    B. Administrative expense claims
1. Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.
2. Debtor shall make monthly payments of $150.00 per month to attorney for any remaining or unpaid attorney fees after approval by the court, which shall continue until attorney fees are paid in full, whichever comes first.

    C. Priority Tax Claims - Each holder of a priority tax claim will be paid as follows to remain consistent with § 1129(a)(9)(C) of the Code
1. Internal Revenue Service ("IRS") - The IRS has a priority claim estimated to be $35,471.70. Payments to the IRS in the amount of $775.00 per month will commence on the effective date of the plan and will continue until the claim is paid in full at 0% interest. *If necessary*, any unpaid portion of the IRS's priority claim shall be paid as a balloon payment by or before July 18, 2027 (which is five years from the date of the order converting this case to a case under chapter 11).

    D. Statutory Fees - All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date.

    E. Prospective quarterly Fees - All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code

IV. **Article 4: Treatment of Claims and Interests Under the Plan**

    A. Claims and interests shall be treated as follows under this Plan:

3

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – Secured claim of **Unified Mortgage Services, Inc** | Impaired | Unified Mortgage Services, Inc holds a secured claim of $118,098.20<br><br>This claim shall be **re-amortized over a term of 360 months at 6.50% fixed interest**. Monthly Principal and Interest payments of *$746.46 + Plus any taxes and insurance if applicable*, shall begin on the effective date of the plan and continue for a term of 360 months (30 years). Payments shall be disbursed by Debtor directly to the creditor until paid in full. The amount due will not begin to accrue interest until the effective date of the plan. All other terms and conditions of the note remain in full force and effect. |
| Class 2 – Secured claim of **Tulare County California** | Impaired | Tulare County California holds a secured claim of $29,084.54<br><br>This claim shall be **scheduled over a term of 60 months at 5.50% fixed interest**. Monthly Principal and Interest payments of *$555.55,* shall begin on the effective date of the plan and continue for a term of 60 months (5 years). Payments shall be disbursed by Debtor directly to the creditor until paid in full. The amount due will not begin to accrue interest until the effective date of the plan. All other terms and conditions of the note remain in full force and effect. |
| Class 3 – Non-priority unsecured **Student/ Education Loans** | Impaired | This class is made up of the two student loan creditors, US Department of Education C/O Nelnet (Proof of Claim #1) in the amount of $72,925.57, and ECMC (Proof of claim #6) in the amount of $171,575.51 for a combined total of $244,501.08. (Proof of claim #7 is a duplicate claim and is hereby stricken and is not addressed in this plan).<br><br>The student loan claims of US Department of Education C/O Nelnet and ECMC shall be paid outside the plan, according to the terms of the individual payment agreements, and only when payments are not in forbearance or on hold to determine eligibility of forgiveness. Payments shall be paid directly by debtor to each unsecured creditor in this class. It is anticipated that payments to the class 3 student loan creditors will begin upon closing of this instant case, or, at the end of the forbearance period due to the bankruptcy. |
| Class 4 – Non-priority unsecured creditors | Impaired | The Class 4 non-priority General Unsecured creditors shall be paid 100% at zero percent interest.<br><br>A total of $15,975.12 shall be paid to the General Unsecured class, which is payment in full of all Class 4 General Unsecured claims. Payments shall be disbursed directly by debtor to each unsecured creditor in this class over the life of the plan, with payments beginning on the effective date of the plan. For a detailed list of the creditors in this class, please refer to the |

| | | Disclosure Statement. |
|---|---|---|
| Class 5 - The interests of the individual Debtor in property of the estate | Unimpaired | Sonia Lopez is the individual Debtor in this instant case and shall retain her interest in her property. |

V. **Article 5: Allowance and Disallowance of Claims**
    A. Disputed Claim - A *disputed claim* is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either:

    (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

    (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

    B. Delay of distribution on a disputed claim - No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order

    C. Settlement of disputed claims - The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

VI. **Article 6: Provisions for Executory Contracts and Unexpired Leases**
    A. Assumed executory contracts and unexpired leases -
        1. (a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date:
            -Lease agreement for residence at 4287 El Antonio Place, Las Vegas, NV 89121
        2. Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under Article 6(A)(1) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all other executory contracts and unexpired leases as of the effective date.

    A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than <u>30</u> days after the date of the order confirming this Plan

VII. **Article 7: Means for Implementation of the Plan**
    A. Debtor will fund the plan from her self-employment income, and rental income from

5

the rental property. Debtor will disburse all payments directly to the respective creditors on a monthly basis or as otherwise noted in this plan. Payments will be implemented as required under § 1123(a)(5) of the Code. Debtor is an individual and therefore no other party will act as a director, officer, or trustee for the debtor.

VIII. **Article 8: General Provision**
    A. Definitions and rules of construction - The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

    B. Effective Date - The effective date of this Plan is the first business day of the next month following the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated

    C. Severability - If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

    D. Binding Effect: The Rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

    E. Captions - The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

    F. Controlling Effect- Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of **NV** govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

    G. Corporate Governance - Not applicable as Debtor is an individual

    H. Retention of Jurisdiction - The bankruptcy court shall retain jurisdiction of this case after the effective date of the plan.

IX. **Article 9: Discharge**
    A. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure

**X.    Article 10: Other Provisions**
    A. Other provisions if applicable:

**Respectfully Submitted,**

**X**_____     **SONIA LOPEZ**

**Sonia Lopez**                      Sonia Lopez

**Debtor**

**X /S/ SETH D. BALLSTAEDT, ESQ.**   **SETH D. BALLSTAEDT, ESQ.**

**Seth D. Ballstaedt, Esq.**         Seth D. Ballstaedt, Esq.

**Attorney for Debtor**

7