Cameron M. Gulden, Assistant United States Trustee
State Bar No. MN 310931
Carlos R. Hernandez-Vivoni, Trial Attorney
State Bar No. TX 24096186
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
300 Las Vegas Boulevard, So., Ste. 4300
Las Vegas, NV 89101
Tel.: (702) 388-6600
Fax: (702) 388-6658
carlos.hernandez-vivoni@usdoj.gov

E-Filed: March 9, 2023

Attorneys for the U.S. Trustee for Region 17
    TRACY HOPE DAVIS

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re<br><br>**SONIA LOPEZ,**<br><br>                              Debtor. | Case No: 21-12418-mkn<br>Chapter 11<br><br>Date:  March 29, 2023<br>Time:  9:30 a.m.<br>Location:  Foley Courtroom 2, Telephonic |
|---|---|

**OBJECTION AND RESERVATION OF RIGHTS OF THE**
**U.S. TRUSTEE TO THE APPROVAL OF DEBTOR'S AMENDED DISCLOSURE**
**STATEMENT DATED FEBRUARY 27, 2023 [ECF NO. 116]**

To the Honorable MIKE K. NAKAGAWA, United States Bankruptcy Judge:

Tracy Hope Davis, United States Trustee for Region 17 (the "U.S. Trustee"), by and through her undersigned counsel, hereby objects (the "Objection") to the approval of *Debtor's Amended Disclosure Statement* Dated February 27, 2023 [ECF No. 116] (the "*Disclosure Statement*") filed by captioned Debtor, Sonia Lopez ("Debtor"), which seeks, *inter alia*, approval of the Debtor's first amended *Disclosure Statement*, and describing Debtor's *Plan* [ECF No. 108].[1]

---

[1] Hereafter, all references to "Section" in the Motion are to provisions of the Bankruptcy Code, title 11 of the United States Code, 11 U.S.C. §§ 101-1532 as amended, unless otherwise indicated. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure and to "FRE" are to the Federal Rules of Evidence.

1

I.     **INTRODUCTION**

The Debtor's Disclosure Statement should not be approved because it fails to contain adequate information. First, Debtor's projected post-confirmation income and expenses are not explained nor substantiated. Second, the Monthly Operating Reports are delinquent and incomplete. Third, the Disclosure Statement contains inaccurate information as to the current events. For these reasons, the Court should sustain the U.S. Trustee's objection and deny the approval of the Disclosure Statement.

The U.S. Trustee reserves her right to supplement this Objection if the Proponent modifies or otherwise supplements the Disclosure Statement.

II.    **MEMORANDUM OF POINTS AND AUTHORITIES**

A.     **Background Facts and Procedural Posture.**

1.     On May 10, 2021, Ms. Sonia Lopez (the "Debtor") filed a voluntary chapter 13 bankruptcy petition.  [*See* ECF No. 1].[2]

2.     The Debtor moved to convert to chapter 11 on May 4, 2022.  [*See* ECF No. 71].

3.     The court granted the Debtor's motion to convert on July 18, 2022.  [*See* ECF No. 77].

4.     The Section 341 meeting of creditors was held and concluded on August 31, 2022.  [*See* ECF No. 84].

5.     Debtor has filed six monthly operating reports ("MORs"):  July 2022 [*See* ECF No. 95], August 2022 [*See* ECF No. 103], September 2022 [*See* ECF No. 104], October 2022 [*See* ECF No. 105], November 2022 [*See* ECF No. 106], and December 2022 [*See* ECF No. 107].

---

[2] The United States Trustee requests that the Court take judicial notice of the pleadings and documents filed in this case pursuant to FRBP 9017 and FRE 201.  To the extent that this Objection contains factual assertions predicated upon statements made or documents filed by the Debtor or its agents or representatives, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under FRBP 9017 and FRE 801(d) (2).

6. The MOR for December 2022 failed to include Debtor's bank account statements. [*See* ECF No.107].

7. The Debtor later filed her Plan and Disclosure Statement. [*See* ECF Nos. 108 and 110]. This Court denied conditional approval of the Disclosure Statement, [s*ee* ECF No. 114], and the Debtor then filed an amended Disclosure Statement. [*See* ECF No. 116].

8. The Disclosure Statement describes the Debtor as a self-employed individual, working as a Mental Health Therapist, with a gross income of about $6,146 per month. Debtor discloses additional monthly income of $1,980 received from rents of an investment property. [*See id.*, p. 5 of 23].

9. The Disclosure Statement incorrectly provides that "[T]he court has conditionally approved this Disclosure Statement as containing information to enable parties affected by the Plan to make an informed judgment about its terms. The Court has not yet determined whether the Plan meets the legal requirements for confirmation, and the fact that the Court has approved this Disclosure Statement does not constitute an endorsement of the Plan by the Court, or a recommendation that it be accepted." [*See* ECF No. 116, pp.4-5 of 23].

### III. ARGUMENT

10. A debtor-in-possession may not solicit creditors to vote on a plan unless, at the time of such solicitation, the debtor-in-possession provides creditors with a "written disclosure statement approved, after notice and a hearing, by the court as containing *adequate information*." See 11 U.S.C. § 1125(b) (emphasis added); *In re Kelley*, 199 B.R. 698, 703 (B.A.P. 9th Cir. 1996).

11. "Adequate information" is defined as information that is in sufficient detail to enable "a hypothetical investor" to make an informed judgment about the Plan. See 11 U.S.C. § 1125(a); *In re Commercial Western Finance Corp.*, 761 F.2d 1329, 1331 n.1 (9th Cir. 1985).

12. Even if a disclosure statement provides adequate information, the disclosure statement should not be approved if the plan it describes is patently unconfirmable. *See, e.g., In*

3

*re Beyond.com Corp.*, 289 B.R. 138, 140 (Bank. N.D. Cal. 2003) ("Because the underlying plan is patently unconfirmable, the disclosure statement may not be approved.").

13. Here, the Disclosure Statement fails to provide adequate information in at least three aspects:

> **A. The Disclosure Statement does not provide adequate information to substantiate the Debtor's projected post-confirmation income.**

14. The assumptions utilized by Debtor for the projected post-confirmation income are not explained or supported. The Disclosure Statement should provide more detail on the Debtor's income and expenses so that creditors can see how the projections were calculated. Feasibility of the proposed reorganization needs to be evaluated based on detailed assumptions.

> **B. The Monthly Operating Reports are delinquent and incomplete.**

15. The last MOR filed with the Court for the month of December 2022 failed to include the bank statements. [*See* ECF No. 107].

16. An additional report should have been filed for the month of January 2023. [*See* ECF docket *generally*].

17. As Bankruptcy Courts have held, monthly reports and the financial disclosures contained in them "are the life blood of the Chapter 11 process" and are more than "mere busy work." *YBA Nineteen, LLC v. IndyMac Venture, LLC (In re YBA Nineteen, LLC),* 505 B.R. 289, 303 (S.D. Cal. 2014) (citation omitted). *See also In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (citation omitted).

18. Because MORs are an important source of information in a chapter 11 bankruptcy case, the Disclosure Statement should contain all required reports, along with the supporting bank account statements.[3]

---

[3] The "United States Trustee Chapter 11 Operating and Reporting Guidelines for Debtors in Possession (Revised September 2022)" provides that when debtors in possession file MORs in non-small business Chapter 11 cases that "[a]ll supporting documentation must be attached to each MOR." [*See* United States Trustee Chapter 11 Operating and Reporting Guidelines for Debtors in Possession (Revised September 2022), p. 4 of 6; §7(A), ¶¶4-5]. The instructions for Chapter 11 MORs include as supporting documents the Debtor's bank account statements. [*See* Instructions for UST Form 11-MOR: Monthly Operating Report and Supporting Documentation, p. 12 of 14].

**C.   The Disclosure Statement contains inaccurate and inconsistent information about the current events.**

19.   The Disclosure Statement provides that "[T]he court has conditionally approved this Disclosure Statement as containing information to enable parties affected by the Plan to make an informed judgment about its terms." [*See* ECF No. 116, pp.4-5 of 23].

20.   All parties in interest should know that the Disclosure Statement has not been approved, nor should the Disclosure Statement give the wrong impression that an objection deadline has elapsed.

21.   Until this information is clarified, the Disclosure Statement should not be approved.

**IV.   CONCLUSION**

22.   Based on the foregoing, the U.S. Trustee respectfully requests that the Court (i) sustain the Objection and (ii) disapprove the Disclosure Statement.

**WHEREFORE**, the U.S. Trustee requests that the Court enter an order denying the Motion and the adequacy of the Disclosure Statement and granting such other and additional relief as is just and equitable.

Dated:  March 9, 2023

                                          Respectfully submitted,

                                          TRACY HOPE DAVIS
                                          UNITED STATES TRUSTEE, REGION 17

                                          By:  */s/ Carlos R. Hernandez-Vivoni*
                                               Carlos R. Hernandez-Vivoni, Esq.,
                                               Trial Attorney